**AMENDED**       UNITED STATES DISTRICT COURT      **AMENDED**
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Francisco Javier Ruiz, III (English)      **Dkt. No.:** 19CR04223-002-MMA

**Reg. No.:** 89460-298

**Name of Sentencing Judicial Officer:** The Honorable Michael M. Anello, Senior U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II) and (a)(1)(B), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Sentence:** February 12, 2020

**Sentence:** 12 months and 1 day's custody; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On June 2, 2021, Mr. Ruiz's conditions of supervised release were modified to include residential drug treatment.

**Type of Supervision:** Supervised Release      **Date Supervision Commenced:** July 31, 2020

**Asst. U.S. Atty.:** Mikaela Lauren Weber      **Defense Counsel:** Robert C. Schlein
(Appointed)
(619) 235-9026

**Prior Violation History:** Yes. Please refer to prior court correspondence.

**PETITIONING THE COURT**

**TO AMEND THE ORIGINAL ORDER TO SHOW CAUSE DATED, NOVEMBER 4, 2021, TO INCLUDE THE FOLLOWING ALLEGATIONS**

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 5. On or about January 1, 2022, Mr. Ruiz, a convicted felon, possessed a firearm, in violation of California Penal Code § 29800(a)(1), as evidenced by Brawley Police Report Number 220101042. |
| | 6. On or about January 1, 2022, Mr. Ruiz, a convicted felon, possessed ammunition, in violation of California Penal Code § 30305(a), as evidenced by Brawley Police Report Number 220101042. |

*__Grounds for Revocation:__* As to Allegations 5 and 6, I have received and reviewed Brawley Police Report Number 220101042, which confirms the following: On January 1, 2022, a police officer was dispatched regarding a patrol check for a stolen white Chrysler Pacifica. The officer observed the white Chrysler parked in a driveway and observed a subject walking away from the driver's side of the vehicle. Based on the officer's observations from booking photographs the subject resembled, Francisco Ruiz, who was named by the reporting party as the subject who stole the Chrysler. The officer then contacted and gave verbal commands to the subject, who was later identified as Francisco Ruiz, to place his hands behind his back. Mr. Ruiz was handcuffed without incident and he identified himself as the driver of the Chrysler. Mr. Ruiz was holding the vehicle keys in his left hand upon contact. Mr. Ruiz stated, "I borrowed the car from my baby mama." Mr. Ruiz stated he took the Chrysler to fix a broken headlight. The officer then requested a record check on Mr. Ruiz and learned Mr. Ruiz is a convicted felon that had a federal warrant for a probation violation. As a result, the officer placed Mr. Ruiz under arrest for the warrant and placed him the rear seat of the patrol vehicle.

The officer then approached the Chrysler and observed in plain view a Beretta pistol with a cocked hammer placed on the front passenger seat. The officer removed the loaded magazine from the pistol and cleared the chamber for safety. The officer then conducted a record check on the pistol and learned it was registered to a male subject. Based on the statements of Mr. Ruiz being the sole subject in the Chrysler, the rap sheet information provided by dispatch, and the pistol being found within immediate reach of the driver seat, the officer formed the opinion Mr. Ruiz was in violation of California Penal Code § 29800(a)(1), felon in possession of a firearm. In addition, as the pistol was loaded with a magazine containing ammunition, the officer formed the opinion Mr. Ruiz was in violation of California Penal Code § 30305(a), felon in possession of ammunition. The officer later took a photograph of the pistol on the passenger seat after it was cleared for safety. The pistol was then collected and later booked as evidence.

The reporting party checked the Chrysler for damages and informed the officer she did not desire prosecution of Mr. Ruiz for the theft of the Chrysler. Mr. Ruiz was then transported to the Brawley Police Department for processing. At the police station, the officer read Mr. Ruiz his Miranda rights. Mr. Ruiz informed the officer he understood his rights and was not willing to speak with the officer. Mr. Ruiz was later booked at the Imperial County Jail.

The officer recommended the case be forwarded to the Imperial County District Attorney's Office for prosecution. According to the Imperial County District Attorney's Office, the case was received and reviewed for prosecution. After the case was reviewed, it was resubmitted to the Brawley Police Department for additional information.

On January 4, 2022, Mr. Ruiz was released from the Imperial County Jail pursuant to California Penal Code § 849. He was then arrested by the U.S. Marshals Service on the federal warrant issued by Your Honor. On January 5, 2022, Mr. Ruiz appeared before U.S. Magistrate Judge Ruth Bermudez Montenegro for his initial appearance. Mr. Ruiz was ordered held without bail and a preliminary revocation hearing was set for January 18, 2022, at 9:00 a.m.

## **AMENDED**         VIOLATION SENTENCING SUMMARY         **AMENDED**

### SUPERVISION ADJUSTMENT

Please refer to the Petition dated November 4, 2021, for information concerning Mr. Ruiz's supervision adjustment.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Please refer to the Petition dated November 4, 2021, for information concerning Mr. Ruiz's personal history and characteristics.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by being in possession of a firearm (as described in 18 U.S.C.§ 921), the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(2), and USSG §7B1.4, p.s., comment. (n.5).

If it is determined that the offender has violated the conditions of supervised release by testing positive for illegal substances more than 3 times during the course of 1 year, the court shall revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(4).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves felon in possession of a firearm and felon in possession of ammunition which constitute Grade B violations. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation, the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 21 to 27 months. USSG § 7B1.4, p.s. However, because the maximum of the imprisonment range exceeds the statutory maximum term, the **adjusted imprisonment range is 21 to 24 months**. USSG §7B1.4(b)(3)(A), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>3 years'</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## RECOMMENDATION/JUSTIFICATION

The previous petition for warrant dated November 4, 2021, alleges Grade C violations. Allegations 5 and 6 noted in this amended petition constitute Grade B violations. As the Court is aware, a Grade B violation with a Criminal History Category VI, establishes an imprisonment range of 21 to 27 months. However, because the maximum of the imprisonment range exceeds the statutory maximum term, the adjusted imprisonment range is 21 to 24 months. Given the serious nature of the new additional allegations of noncompliance and the significant breach of the trust they entail, the previous sentencing recommendation of 4 months' custody no longer seems appropriate.

As the Court may recall, the probation office has previously informed Your Honor of violation conduct by Mr. Ruiz on four separate occasions and the Court ordered action held in abeyance as recommended by probation on three occasions and modified supervised release on one occasion. During the term of supervised release, Mr. Ruiz violated supervised release by using illicit substances on multiple occasions and failing to complete residential drug treatment. Most concerning, Mr. Ruiz was recently arrested for possessing a firearm and possessing ammunition.

Given these factors, if the allegations of non-compliance are sustained, it is recommended supervised release be revoked. Given the serious nature of the allegations of noncompliance, and the significant breach of trust they entail, it is recommended Mr. Ruiz be sentenced to 21 months' custody, consecutive to any other term of imprisonment being served, followed by 15 months' supervised release. All previously imposed conditions of supervision are recommended. Additionally, the following special conditions are recommended:

> Reside in a Residential Reentry Center (RRC), as directed by the probation officer, for up to 120 days, pending placement into a residential drug treatment program.

> Enroll in and complete a residential drug treatment program, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

You shall submit to search of your person, property, residence, abode or vehicle, conducted by the probation officer, or any law enforcement officer, at any time of the day and night, with or without a warrant, and with or without reasonable or probable cause. Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition (4th waiver).

It is hoped that with the above noted conditions, Mr. Ruiz's risk in the community will be minimized and he will receive appropriate drug treatment.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 10, 2022**

Respectfully submitted:  
DANIEL J. KILGORE  
CHIEF PROBATION OFFICER

by  _____  
Arturo Montano  
U.S. Probation Officer  
(760) 339-4209

Reviewed and approved:

_____  
Michael Morabe  
Supervisory U.S. Probation Officer

PROB12CW                                                              January 10, 2022

# AMENDED    VIOLATION SENTENCING SUMMARY    AMENDED

1. **Defendant:** Ruiz, Francisco Javier, III

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 19CR04223-002-MMA

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | Felon in possession of a firearm | B |
   | Felon in possession of ammunition | B |
   | Failure to complete residential drug treatment | C |
   | Drug use | C |
   | Failure to enter residential drug treatment | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))       [    B    ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))             [    VI   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 21 to 24 months ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | Restitution ($) | _____ | Community Confinement | _____ |
   | Fine($)         | _____ | Home Detention        | _____ |
   | Other           | _____ | Intermittent Confinement | _____ |

**THE COURT ORDERS:**

☒ THE ORIGINAL ORDER TO SHOW CAUSE DATED NOVEMBER 4, 2021, BE AMENDED TO INCLUDE THE ABOVE ADDITIONAL ALLEGATIONS.

☐ Other _____

_____                    January 11, 2022
The Honorable Michael M. Anello                              Date
Senior U.S. District Judge